**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BENJAMIN F. WRIGHT | CIVIL ACTION NO. 12-2813 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NATHAN CAIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are Petitioner Benjamin F. Wright's ("Wright") Motion for Reconsideration (Record Document 33) and Motion for Ruling on Motion for Reconsideration (Record Document 37). The Motion for Ruling (Record Document 37) is hereby **GRANTED**, as the Court makes the following ruling as to Wright's Motion for Reconsideration.

Wright's Motion for Reconsideration is filed pursuant to Rule 60(b). He references "mistakes" under Rule 60(b)(1) and asks that this Court's to void/reconsider its April 14, 2016 Memorandum Order, which denied his motion for relief from judgment or order regarding the State of Louisiana 's Motion to Stay. See Record Documents 27, 28 & 32. The State of Louisiana has opposed the instant motion to reconsider. See Record Document 35.

Rule 60 (b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic),

        misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

F.R.C.P. 60(b). The scope of review under Rule 60(b) is narrower than on a direct appeal. See Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir.1991). Rule 60(b) allows the district court to "correct obvious errors or injustices." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir.1977). The movant on a Rule 60(b) motion must show "unusual or unique circumstances." Pryor v. U.S. Postal Serv., 769 F.2d 281, 286 (5th Cir.1985). Relief under Rule 60(b) is an extraordinary remedy, as "the desire for a judicial process that is predictable mandates caution in reopening judgments." In re Pettle, 410 F.3d 189, 191 (5th Cir.2005), quoting Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir.1998).

As stated in its April 14, 2016 order denying Wright's motion for relief from judgment or order, this Court finds that Wright has not shown mistake or any other basis for the stay order to be void. He simply has not demonstrated unusual or unique circumstances warranting Rule 60(b) relief. Accordingly,

**IT IS ORDERED** that Wright's Motion for Reconsideration for Ruling [on] Motion for Relief from Judgment or Order (Record Document 33) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 12th day of July, 2016.

                                              S. MAURICE HICKS, JR.
                                              UNITED STATES DISTRICT JUDGE